**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SADIE BENNETT AND MELISSA MANNINO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | NO. 19-185 |
| V. | JUDGE SHELLY D. DICK |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY (doing business as BLUE CROSS BLUE SHIELD OF LOUISIANA) | MAG. JUDGE RICHARD L. BOURGEOIS, JR. |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Defendant" or "BCBSLA"). Plaintiffs, Sadie Bennett and Melissa Mannino ("Plaintiffs"), have filed an *Opposition*[2]. Defendant *replied*,[3] to which Plaintiffs filed a *sur-reply*.[4] Oral argument is not necessary. For the following reasons, the Court finds that Defendant's motion should be denied, and Plaintiffs shall be granted leave to amend their *Complaint*.

**I.   BACKGROUND**[5]

---

[1] Rec. Doc. No. 24.
[2] Rec. Doc. No. 33.
[3] Rec. Doc. No. 40.
[4] Rec. Doc. No. 41.
[5] The following facts are drawn from the *Complaint*, (Rec. Doc. No. 1), and are assumed to be true for purposes of this motion. *See e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). Defendant has attached four exhibits to its motion: Rec. Doc. Nos. 24-2, 24-3, 24-4, and 24-5. Rec. Doc. Nos. 24-2 and 24-3 are Plan documents from two different years. Rec. Doc. Nos. 24-4 and 24-5 are letters. In general, pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) [,] … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015). The Fifth Circuit has recognized a limited
59774v.1

Plaintiffs are participants in group health plans ("the Plans")[6] that are insured and administered by BCBSLA. Under most group health plans, when a participant fills a prescription for a medically-necessary prescription drug, the insurer pays a portion of the cost and the participant in the health plan pays a portion of the cost. The cost of the prescription drug is pre-determined by the terms of the governing health plan and is usually at a lower or negotiated cost. The participant's payment is a "co-payment" made directly to the pharmacy, who collects the payment on behalf of the insurer.[7]

In this case, Plaintiffs claim that Defendant violated the terms of the Plans and overcharged participants for medically-necessary prescription drugs. Plaintiffs claim that Defendant directed the pharmacies to "misrepresent" the cost of the prescriptions to the participants and charge the participants an amount in excess of the negotiated amount reflected in the Plans. Participants paid the excessive charges directly to the pharmacy, not knowing at the time that the cost was inflated. Plaintiffs refer to this as a "pervasive scheme" of "overcharges".[8]

Defendant allegedly profited from the "scheme" by "clawing back" a portion or all of the "overcharges" paid by participants to the pharmacies. Defendant required the

---

exception to the general rules under Federal Rule of Civil Procedure 12(d) and related jurisprudence. The Fifth Circuit has approved district courts' consideration of documents attached to a motion to dismiss, when such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *See Werner v. Dept. of Homeland Sec.*, 441 Fed.Appx. 246, 248 (5th Cir. 2011); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins*, 224 F.3d at 498-99. The Court will allow Rec. Doc. Nos. 24-2 and 24-3 as these exhibits are Plan documents that are referred to in Plaintiffs' *Complaint* and are central to Plaintiffs' claim. The Court will not allow Rec. Doc. Nos. 24-4 and 24-5 as these documents are not referred to in the Plaintiffs' *Complaint*.

[6] Both parties refer generally to the "Plan" or "Plans" throughout their briefing. The plural and singular are used interchangeably. No explanation is provided. The Court will refer to the subject group health plans as the "Plan" or "Plans" as appropriate.

[7] Rec. Doc. No. 1, pp. 3-4.

[8] Rec. Doc. No. 1, pp. 4-5.

59774v.1

pharmacies to pay Defendant "clawbacks", which is the amount of the overage or excess cost of the prescription. Alternatively, Defendant paid the pharmacies less than what it would have, had it followed the terms of the Plan.[9]

Plaintiffs, on their behalf and on behalf of a class of "similarly situated persons", claim that Defendant's "scheme" violated the Employee Retirement Income Security Act of 1974 ("ERISA").[10] Plaintiffs plead four counts against Defendant: Count I, for violations of ERISA[11] for the overcharges for the cost of prescription drugs in violation of the terms of the Plans;[12] Count II, for violations of ERISA[13] against Defendant in its roles as a "fiduciary" and "party in interest" that allegedly received compensation, or "clawbacks", for services provided under the Plans;[14] Count III, for violations of ERISA[15] against Defendant in its role as a "fiduciary" for allegedly designing, implementing and benefitting from an "overcharge and clawback scheme" involving the mis-appropriation of Plan assets adverse to the Plan participants and for its own benefit;[16] and Count IV, for violations of ERISA[17] against Defendant in its role as a "fiduciary" for breaching its fiduciary duties by allegedly acting in violation of the terms of the Plans.[18]

Defendant moves to dismiss Plaintiffs' *Complaint* pursuant to Rule 12(b)(6) on three grounds: (1) that Plaintiffs failed to exhaust their administrative remedies regarding

---

[9] Rec. Doc. No. 1, p. 5.
[10] 29 U.S.C. § 1001 *et seq.*
[11] Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).
[12] Rec. Doc. No. 1, pp. 39-40.
[13] ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).
[14] Rec. Doc. No. 1, pp. 41-43.
[15] Section 502(a)(3), 29 U.S.C. § 1132(a)(3).
[16] Rec. Doc. No. 1, pp. 43-46.
[17] Section 502(a)(2)&(3), 29 U.S.C. § 1132(a)(2)&(3).
[18] Rec. Doc. No. 1, pp. 46-49.
59774v.1

their claims in Count I;[19] (2) that the allegations in Count II against Defendant as a "fiduciary" and Counts III and IV are duplicative of the claims in Count I and/or because Plaintiffs failed to exhaust their administrative remedies and Defendant is not a "fiduciary" under ERISA;[20] and (3) that Plaintiffs lack standing to bring their claims in Count II against Defendant as a "party in interest" and because there is no available remedy under ERISA.[21]

## II. LAW AND ANALYSIS

### A. Motion to Dismiss under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[22] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[23] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[24] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[19] Rec. Doc. No. 24-1, pp. 4-8.
[20] Rec. Doc. No. 24-1, pp. 9-15.
[21] Rec. Doc. No. 24-1, pp. 15-20.
[22] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[23] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[24] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin,* 369 F.3d at 467).
59774v.1

of the elements of a cause of action will not do."[25] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[26] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[28] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[29] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[30]

### B. Count I – Failure to Exhaust Administrative Remedies

The exhaustion requirement is an "affirmative defense".[31] Under Rule 12(b)(6), dismissal on the basis of an affirmative defense is only appropriate if "an affirmative defense … appears on the face of the complaint."[32] A plaintiff is not required to plead the

---

[25] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter "*Twombly*").
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[27] *Twombly*, 550 U.S. at 570.
[28] *Iqbal*, 556 U.S. at 678.
[29] *Taha v. William Marsh Rice University*, 2012 WL 1576099, at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[30] *Twombly*, 550 U.S. at 556 (quoting *Papassan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[31] *Crowell v. Shell Oil Co.,* 541 F.3d 295, 308–09 (5th Cir. 2008); *Coop. Benefit Adm'rs. Inc. v. Ogden*, 367 F.3d 323, 336 n.61 (5th Cir. 2004).
[32] *Garret v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591 (5th Cir. 1991); North Cypress Med. Center Operating Co. v. CIGNA Healthcare, 782 F.Supp.2d 294, 304 (S.D. Tx. Mar. 2, 2011)("The [c]ourt is persuaded that dismissal for failure to allege exhaustion of administrative remedies is not appropriate on a motion to dismiss under either 12(b)(1) or 12(b) (6)."). Plaintiffs plead in their *Complaint* that: (1) the requirement to exhaust administrative remedies does not apply to "overcharges"; (2) regardless, Plaintiffs appealed and exhausted their administrative remedies in their Plans; and (3) Defendant never responded to Plaintiffs' appeal, therefore Plaintiffs are deemed to have exhausted their administrative remedies. Rec. Doc. No. 1, pp. 21-22.
59774v.1

negation of an affirmative defense.[33] Under Rule 12(b)(6), the appropriate inquiry for the Court is whether Plaintiffs state a claim for denial of benefits.[34] As an affirmative defense, the burden is on Defendant to plead the exhaustion requirement in its answer.[35] This Court has previously observed that determining whether Plaintiffs plead a claim for denial of benefits (the pre-cursor to the exhaustion requirement) is a "more just result than dismissing Plaintiff[s'] complaint."[36] The proper procedure to follow is to require Defendant to plead the failure to exhaust administrative remedies in its answer. Then, in the course of discovery, the parties will discover whether following administrative procedures with the plan administrator would be futile and/or whether administrative procedures were properly followed. Defendant will then have the opportunity to file a motion for summary judgment on the basis of exhaustion. As previously stated by this Court, "Plaintiff[s] must be permitted discovery to determine whether exhaustion would be futile."[37]

---

[33] *Gomez v. Toldeo*, 446 U.S. 635, 640 (1980); *Thomas v. Independence Township*, 463 F.3d 285, 293 (3rd Cir. 2006); *Flying Food Group, Inc. v. N.L.R.B.*, 471 F.3d 178, 183 (D.C. Cir. 2006); *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).
[34] *See, Haydel v. Dow Chemical Company*, 2007 WL 9706565, *4 (M.D. La. July 19, 2007).
[35] *See*, Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively … any … matter constituting … an affirmative defense.").
[36] *Haydel*, at *4.
[37] *Id.* The Court acknowledges that other courts have granted motions to dismiss pursuant to Rule 12(b)(6) based on the issue of a plaintiff's failure to exhaust administrative remedies prior to instituting suit alleging claims under ERISA. *See, Zerangue v. Lincoln Nat. Life Ins. Co.*, 2019 WL 2058984, *3 (E.D. La. May 9, 2019)(Rule 12 motion granted due to failure to exhaust administrative remedies prior to filing suit under ERISA where the plaintiff conceded that she had not exhausted her administrative remedies); *Long v. Aetna Life Ins. Co.*, 2014 WL 4072026, *4 (E.D. La. Aug. 18, 2014)(where the plaintiff argued that she did not exhaust administrative remedies because she read the plan to allow her to file suit without exhausting administrative remedies). However, this Court does not find the factual scenarios and allegations in those matters applicable to the those plead here. *See, Thibodeaux v. Prudential Ins. Co. of America*, 2008 WL 5397236, *1 (W.D. La. Oct. 30, 2008)(where the court denied the motion to dismiss under Rule 12(b)(1) for failure to exhaust and stated that the "proper procedural vehicle for assertion of the affirmative defense of lack of ERISA administrative exhaustion is by way of a properly supported motion for summary judgment."); *see also, Milton v. Blue Cross Blue Shield of Texas, Inc.*, 2016 WL 2926846, n. 29 (E.D. La. May 19, 2016).
59774v.1

Here, Count I of Plaintiffs' *Complaint* contains claims for violations of ERISA[38] based on the overcharges for the costs of prescription drugs in violation of the terms of the Plans ("502(a)(1)(B) claims").[39] Plaintiffs specifically plead that Plaintiffs' 502(a)(1)(B) claims concern "unlawful overcharges" and do not concern "a denial of benefits" or "an adverse benefit decision"; therefore, Plaintiffs allege that "the Plan's administrative remedies do not apply."[40] Alternatively, Plaintiffs claim that they exhausted their administrative remedies "even though such administrative remedies do not apply" to overcharges.[41] Applying the appropriate inquiry under Rule 12(b)(6), Plaintiffs do not plead a claim for a denial of benefits. Therefore, Plaintiffs state a claim upon which relief may be granted on the face of the Complaint and one which does not require administrative remedies.

In support of its motion, Defendant characterizes Plaintiffs' 502(a)(1)(B) claims as "a standard claim for benefits" and argues that these claims should be dismissed for failure to exhaust administrative remedies before bringing suit to recover those benefits.[42] In opposition to Defendant's motion, Plaintiffs seem to abandon the allegations in their *Complaint* that exhaustion is not necessary for a claim regarding overcharges, and Plaintiffs argue that they exhausted their administrative remedies or that they should be deemed as having exhausted their administrative remedies prior to filing suit.[43] Defendant replied by changing course from its initial argument that Plaintiffs did not

---

[38] Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).
[39] Rec. Doc. No. 1, pp. 39-40.
[40] Rec. Doc. No. 1, pp. 21-22.
[41] Rec. Doc. No. 1, p. 22.
[42] Rec. Doc. No. 24-1, p. 4 (citing 29 U.S.C. § 1132(a)(1)(B); *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000)).
[43] Rec. Doc. No. 33, p. 6.

exhaust their administrative remedies to now argue that Plaintiffs did not *properly* exhaust their administrative procedures.[44]

Whether Plaintiffs exhausted their administrative remedies and/or whether Plaintiffs *properly* exhausted their administrative remedies is not the appropriate inquiry for the Court at this stage of proceedings. As this matter is before the Court on a Rule 12(b)(6) motion, the Court must rely on the face of the *Complaint* and determine whether Plaintiffs plead enough facts to state a claim for relief that is plausible on its face. The Court's analysis is focused on whether Plaintiffs plead a denial of benefits. The issue of Defendant's affirmative defense, exhaustion of administrative remedies, will then be left for discovery and subsequent briefing on summary judgment, if appropriate. "So long as a claim is stated, and one is so stated in this case, the complaint is sufficient to move forward with litigation."[45] Therefore, Defendant's motion seeking to dismiss Count I is denied.

Alternatively, Defendant argues that even if Count I is not a dispute about benefits, Plaintiffs were *still* required to exhaust those procedures prior to suing in court.[46] Assuming this to be correct, the Court does not need to resolve this issue on a Rule 12(b)(6) motion for the reasons set forth above.[47] The parties have prematurely

---

[44] Rec. Doc. No. 40, pp. 2-3.
[45] *Haydel*, at *4 (citing *Hanson v. Hoffmann*, 628 F.2d 42, 53 (D.C. Cir. 1980)).
[46] Doc. 24-1, p. 7 (citing *In re UnitedHealth Grp. PBM Litig.*, 2017 WL 6512222, *5-7 (D. Minn. Dec. 19, 2017); *Del Greco v. CVS Corp.*, 337 F.Supp.2d 475, 484-86 (S.D.N.Y. 2004)).
[47] *See, Mohr-Lercara v. Oxford Health Ins., Inc.*, 2019 WL 1409479, *7-8 (S.D.N.Y. Mar. 28, 2019), which involved claims under various provisions of ERISA for various types of relief due to an "overcharging scheme", much like the one at issue in this matter. There, the court denied a motion seeking the dismissal of 502(a)(1)(B) claims for failure to exhaust. "Assessing the amended complaint on its face, the [c]ourt cannot definitively conclude that plaintiff failed to exhaust administrative remedies with respect to Count I. … Accordingly, the [c]ourt declines to dismiss Count I for failure to exhaust administrative remedies. Defendants may renew their exhaustion defense at summary judgment."
59774v.1

transformed the issue before the Court into whether the administrative process was adhered to properly. Discovery will assist in resolving the dispute that has already come to light, whether Plaintiffs properly exhausted the available administrative remedies, and better posture this issue for consideration on summary judgment.

### C. Counts II (BCBSLA as "fiduciary"),[48] III, and IV

Defendant contends that in order for Counts II (against BCBSLA in its capacity as "fiduciary"), III, and IV to be "actionable",[49] Defendant must first be deemed a fiduciary under ERISA because all claims in Counts II, III, and IV are premised upon Defendant breaching its fiduciary duties to Plaintiffs. Assuming that Defendant qualifies as a "fiduciary" under ERISA, Defendant seeks dismissal of these claims (the "502(a)(2)&(3) claims") because: they are duplicative of the claims asserted in Count I of Plaintiffs' *Complaint*; Plaintiffs failed to exhaust their administrative remedies; or Defendant is not a fiduciary in connection with the alleged conduct.[50]

Plaintiffs unequivocally admit that they alleged that BCBS is a fiduciary.[51] Plaintiffs argue that Defendant "forthrightly 'concedes'" that BCBSLA acts as a fiduciary with regard to the misapplication of Plan terms, which is "at the core" of Counts II, III, and IV.[52] Therefore, Plaintiffs argue, Defendant is "wrong" in stating that Plaintiffs cannot bring a claim for breach of fiduciary duty (*i.e.*, the claims composing Counts II, III, and IV).[53]

---

[48] Throughout section II(C) of this *Ruling*, when the Court refers to Count II of Plaintiffs' *Complaint,* the Court is referring to Plaintiffs' claims against Defendant in its capacity as a "fiduciary" only. Plaintiffs' claims against Defendant in its capacity as a "party-in-interest", also alleged within Count II, are addressed in section II(D) of this *Ruling*.
[49] Rec. Doc. No. 24-1, p. 9.
[50] *Id.*
[51] Rec. Doc. No. 33, p. 13.
[52] *Id.*
[53] Rec. Doc. No. 33, p. 14.
59774v.1

Plaintiffs argue that their claims under Counts II, III, and IV are not duplicative of Count I because these claims "seek remedies that are unavailable under ERISA" in Count I.[54] Also, since the exhaustion requirement does not apply to claims of breach of fiduciary duty, Plaintiffs argue that they did not fail to exhaust with regard to claims encompassed in Counts II, III, and IV.[55] Plaintiffs then argue that Defendant cannot obligate itself to charge Plan participants for prescriptive drugs one way in the Plan, and then implement those charges differently, which is what Plaintiffs are claiming Defendant did in Counts II, III, and IV.[56] For these reasons, Plaintiffs oppose Defendant's motion.

The issue raised by Defendant's challenge to Counts II, III, and IV is whether BCBSLA is a "fiduciary" under ERISA. If BCBSLA is not considered a "fiduciary", then Plaintiffs' claims under Counts II, III, and IV should be dismissed. If BCBSLA is considered to be a "fiduciary", then it must be determined whether Plaintiffs' claims under Counts II, III, and IV are duplicative of those contained in Count I and/or require the exhaustion of administrative remedies. The Court evaluates these issues in turn.

Plaintiffs allege in their *Complaint* that BCBSLA acted as a "fiduciary" as that term is defined under ERISA.[57] ERISA provides that a person is a fiduciary if he is named to be the fiduciary,[58] or if the person:

> (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility

---

[54] *Id.*
[55] Rec. Doc. No. 33, pp. 14-15.
[56] Rec. Doc. No. 33, pp. 15-16.
[57] Rec. Doc. No. 1, p. 27.
[58] 29 U.S.C. § 1102(a)(1).
59774v.1

to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.[59]

Plaintiffs further allege Defendant is a fiduciary because it exercised "discretionary authority or control respecting the [P]lan and [P]lan asset management activities" and because it had "discretionary authority or discretionary responsibility in the administration of the ERISA Plans of participants and beneficiaries";[60] it had "fiduciary authority over benefit administration under the ERISA Plans in that it operated and controlled the prescription drug benefits under ERISA";[61] it "exercised fiduciary authority over [P]lan management, in addition to having fiduciary authority over [P]lan administration";[62] it "exercised authority or control respecting management or disposition of [P]lan assets";[63] and it "exercised control over the amounts paid by both employers/trusts and participants/beneficiaries by dictating that pharmacies" overcharge".[64]

As Plaintiffs correctly point out in their opposition,[65] even Defendant agrees that it acted as a fiduciary with regard to the misapplication of Plan terms and assets.[66] However, it is this agreement, that BCBSLA was functioning as a fiduciary when it affected Plan terms and assets, that belies Defendant's motion to dismiss Counts II, III, and IV – BCBSLA, acting in its capacity as a fiduciary, cannot be liable to Plaintiffs under both 502(a)(1)(B) (Count I) and 502(a)(2) & (3) (Counts II, III, and IV). While Defendant agrees with Plaintiffs that certain aspects of its conduct were in its capacity as a fiduciary, it

---

[59] 29 U.S.C. § 1002(21)(A).
[60] Rec. Doc. No. 1, pp. 27-28.
[61] Rec. Doc. No. 1, p. 28.
[62] Rec. Doc. No. 1, pp. 28-29.
[63] Rec. Doc. No. 1, p. 29.
[64] *Id.*
[65] Rec. Doc. No. 33, p. 13.
[66] Rec. Doc. No. 24-1, pp. 10-13.
59774v.1

contends that it is duplicative to maintain claims for relief, monetary and injunctive, under both 502(a)(1)(B) and under 502(a)(2)&(3). Defendant argues that even though monetary relief is only available under 502(a)(1)(B) and not under 502(a)(2)&(3), injunctive and equitable relief is also available under both, thereby rendering claims for injunctive and equitable relief under 502(a)(2)&(3) duplicative and contrary to Fifth Circuit precedent.

In Count I of Plaintiffs' *Complaint*, Plaintiffs seek monetary relief as a result of Defendant overcharging them in perpetuation of Defendant's purported scheme and in violation of the terms of the Plans.[67] In Counts II, III, and IV, Plaintiffs are seeking "equitable relief", specifically seeking an accounting; a surcharge; correction of the transactions and re-adjudication of claims; disgorgement of profits; an equitable lien; a constructive trust; restitution; full disclosure of the foregoing acts and practices; an injunction against further violations; and/or any other remedy the Court deems proper.[68] Defendant argues that the claims under Counts II, III, and IV are barred and should be dismissed because the Fifth Circuit has held that Plaintiffs cannot seek equitable relief under 502(a)(2) and (3) when also suing to recover monetary relief under 502(a)(1)(B).[69] Because Plaintiffs have an available remedy under 502(a)(1)(B) for "equitable" relief, which includes "injunctive" relief, they cannot also assert claims for equitable relief under 502(a)(2)&(3).[70] Such claims are only appropriate if Plaintiffs had no other available remedy. Plaintiffs simply argue that their claims under Counts II, III, and IV are not duplicative of the claims under Count I because Plaintiffs seek monetary relief under

---

[67] Rec. Doc. No. 1, p. 40.
[68] Rec. Doc. No. 1, p. 43.
[69] Rec. Doc. No. 24-1, p. 10 (citing *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018)).
[70] Rec. Doc. No. 24-1, pp. 10-12.
59774v.1

Count I and injunctive relief under Counts II, III, and IV, which Plaintiffs interpret to be permissible under *Innova Hosp.*[71]

In *Innova Hosp.*, out-of-network medical services providers brought an action under ERISA against plan administrators, alleging underpayment or non-payment of amounts pursuant to terms of various health benefit plans.[72] The plaintiff asserted claims pursuant to 502(a)(1) (similar to Plaintiffs' Count I) for denial of benefits and claims under 502(a)(3) (similar to Plaintiffs' Counts II, III, and IV) for breach of fiduciary duty. The district court dismissed the plaintiff's breach of fiduciary duty claims under Rule 12. On appeal, the plaintiff argued that the district court erred in dismissing the fiduciary duty claims.[73] The Fifth Circuit agreed that the plaintiff's claims for breach of fiduciary duty failed because "if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]."[74] The Fifth Circuit agreed with the district court's finding that the claims under § 1132(a)(3) (fiduciary duty claims) were "essentially claims for benefits denied", and since the plaintiff had an adequate mechanism for redress under § 1132(a)(1)(B), then the plaintiff could not "simultaneously plead claims under § 1132(a)(3)."[75]

As set forth in the preceding section, Plaintiffs allege in their *Complaint* that they are not claiming a denial of benefits or an adverse benefit determination.[76] In this respect,

---

[71] Rec. Doc. No. 33, p. 14 (citing *Innova Hosp.*, 892 F.3d at 732-34).
[72] *Innova Hosp.*, 892 F.3d at 719.
[73] *Innova Hosp.*, 892 F.3d at 732.
[74] *Innova Hosp.*, 892 F.3d at 733 (citing *LaRocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006)(stating that "the great majority of circuit courts have interpreted *Varity [Corp. v. Howe*, 516 U.S. 489 (1996)] to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)")).
[75] *Innova Hosp.*, 892 F.3d at 733-34.
[76] Rec. Doc. No. 1, pp. 21-22.
59774v.1

their 502(a)(1)(B) claims can be distinguished from those of Innova Hospital. However, the broader point of *Innova Hosp.* is that claims for relief under 502(a)(1) cannot simultaneously be plead with claims under 502(a)(2)&(3).[77] Since 502(a)(1) provides an "adequate means of redress" for a plaintiff, claims under 502(a)(2)&(3) are barred. Section 502(a)(2)&(3) is intended to be a "catch-all" and only for those plaintiffs seeking redress for claims that are not otherwise viable under Section 502(a)(1).[78] The focus is on the substance of the relief sought, not "on the label used."[79]

Section 502(a)(2) provides a remedy for breaches of fiduciary duty that generally pertain to the misuse or improper management of plan assets, while 502(a)(3) provides a remedy for all other violations of ERISA or the terms of the plan, including breaches of fiduciary duty, not encompassed by 502(a)(2).[80] In *Varity Corp. v. Howe*, the Supreme Court recognized that 502(a)(3) is a "catchall provision" that, "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that 502 does not elsewhere adequately remedy."[81] The Fifth Circuit has interpreted *Varity Corp.* as barring ERISA plaintiffs from bringing claims for equitable relief for breach of fiduciary duty under 502(a)(3) or 502(a)(2) when they can avail themselves of potential remedies under 502(a)(1)(B).[82] The "practical result has been that plaintiffs asserting Section 502(a)(1)(B)

---

[77] Innova Hosp., 892 F.3d at 733-34.
[78] *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 1078, 134 L.Ed.2d 130 (1996).
[79] *Id.* at 733 (citing *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 454 (5th Cir. 2013)).
[80] *Smith v. Hartford Life and Acc. Ins. Co.*, 2011 WL 5864544, *2 (S.D. Miss. Nov. 22, 2011).
[81] 516 U.S. at 512. ERISA § 502(a)(3) permits a party to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).
[82] *Taylor v. Prudential Ins. Co. of America*, 2013 WL 75742, *3 (S.D. Miss. Jan. 4, 2013); *Smith*, 2011 WL 5864544, *3; *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 n.5 (5th Cir. 2003)(citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)); *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000); *McCall v. Burlington*

59774v.1

claims in conjunction with Section 502(a)(3) claims have often had the latter claims, the fiduciary duty claims, dismissed as a matter of law."[83] Thus, "it is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B)."[84]

Here, the theme of Plaintiffs' *Complaint* is that Defendant improperly administered the Plans under ERISA by designing and implementing a scheme whereby Plaintiffs were overcharged and Defendant realized "clawbacks". Thus, to the extent Plaintiffs show that Defendant improperly administered the Plans under ERISA, Plaintiffs have an adequate remedy available to them under 502(a)(1)(B) for both monetary and equitable relief.[85] Therefore, Defendant contends, Plaintiffs are barred from bringing additional claims for equitable relief, clothed as breach of fiduciary duties claims, under 502(a)(2)&(3).

Although there is general support in the jurisprudence for Defendant's argument, this Court is mindful that courts disagree whether simultaneous pleading of both Section 502(a)(1)(B) and Section 502(a)(3) is permissible.[86] For example, the Southern District Court of New York considered a motion to dismiss pursuant to Rule 12(b)(6) in a case strikingly similar to the one before this Court, involving claims under ERISA arising out of an "overcharging scheme" for prescriptive mediations. There, the New York District Court, considering the same arguments advanced here, stated:

> Section 502(a)(3) is a "'catchall' provision" that serves "as a safety net, offering appropriate equitable relief for injuries caused by violations that §

---

*N. Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000); *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998).
[83] *Currier v. Entergy Corp. Employee Benefits Comm.*, 2016 WL 6024531, *3 (E.D. La. Oct. 14, 2016).
[84] *Brand v. Liberty Life Assurance Co. of Box.*, 2018 WL 620050, *2 (E.D. La. Jan. 29, 2018).
[85] *Montanile v. Bd. of Trs. Of Nat'l Elevator Indus. Health Benefit Plan*, 136 S.Ct. 651, 661 (2016).
[86] *See, North Cypress Med. Center*, 782 F.Supp.2d at 309 ("Courts disagree whether simultaneous pleading of both § 502(a) (1)(B) and § 502(a)(3) is permissible.").
59774v.1

502 does not elsewhere adequately remedy."[87] Accordingly, if "it is not clear" at the pleading stage whether "monetary benefits under § 502(a)(1)(B) alone will provide [the plaintiff] a sufficient remedy," a district court should not dismiss a Section 502(a)(3) claim as duplicative on a motion to dismiss.[88]

Here, the amended complaint seeks both damages and equitable remedies, and the Court cannot readily discern on this undeveloped record whether the former will afford plaintiff adequate relief.[89]

The Court therefore denies defendants' motion to dismiss plaintiff's Section 502(a)(3) claims as duplicative of her Section 502(a)(1)(B) claim.[90]

This Court agrees with the more expansive approach taken by many courts, which allows plaintiffs, at this stage of litigation, to simultaneously plead claims under several subsections of Section 502(a).[91] This rule allows Plaintiffs time for discovery, to develop their trial strategy, and to preserve alternative grounds for relief until a later stage in the litigation. Indeed, in the event that Plaintiffs' 502(a)(1)(B) claims prove not to be viable, they should be permitted to rely on their 502(a)(2)&(3) claims as a "safety net, offering appropriate equitable relief for injuries caused by violations that Section 502 does not elsewhere adequately remedy."[92] The Court finds that it is premature to dismiss Plaintiffs' 502(a)(2)&(3) claims at this early stage of the litigation, based on Plaintiffs' original *Complaint*, without the benefit of some discovery, and based on this Court's finding that Plaintiffs have sufficiently plead a claim under Section 502(a)(1)(B). Based on the foregoing, the Court denies Defendant's motion on these grounds.

---

[87] *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015) (quoting *Varity Corp. v. Howe*, 516 U.S. at 512).
[88] *Id.*
[89] *See N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d at 134.
[90] *Mohr-Lercara*, 2019 WL 1409479, *9.
[91] *North Cypress Med. Center*, 782 F.Supp.2d at 309.
[92] *Id.* (citing *Varity Corp. v. Howe,* 516 U.S. 489, 490, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)).
59774v.1

Alternatively, Defendant argues that Plaintiffs failed to exhaust their administrative remedies for their 502(a)(2)&(3) claims, and, therefore, these claims should be dismissed.[93] However, exhaustion is only required when fiduciary claims under Section 502(a)(3) are merely "disguised benefits claims" more properly brought under Section 502(a)(1).[94] As set forth above, Plaintiffs are not pleading a benefits claim on the face of their *Complaint*.[95] Plaintiffs specifically allege that they are not claiming a denial of benefits or an adverse benefits decision. Therefore, a reading of the *Complaint* does not provoke an inquiry as to whether Plaintiffs properly exhausted their claims. Also as set forth above, the exhaustion requirement is an affirmative defense and an analysis not appropriate for this stage of litigation. The Court denies Defendant's motion on its alternative argument.

### D. Count II (BCBSLA as "party-in-interest")

In Count II of Plaintiffs' *Complaint*, Plaintiffs not only allege violations under ERISA against BCBSLA as a "fiduciary" (addressed in section II(C)), but also against BCBSLA as a "party-in-interest". Defendant argues that Plaintiffs' claims against it as a "party-in-interest" only "exist if Plaintiffs believe their ERISA plan itself engaged in a fiduciary breach in which BCBSLA then participated."[96] Section 1132(a)(3) provides for an action by a participant "to obtain other appropriate equitable relief". Defendant contends that

---

[93] Rec. Doc. No. 24-1, p. 12.
[94] *Tolbert v. RBC Capital Markets Corp.*, 2016 WL 3034497, *10 (S.D. Tex. May 26, 2016); *Galvan v. SBC Pension Benefits Plan*, 204 F. App'x 335, 338-39 (5th Cir. 2006)(the exhaustion requirement only applies to fiduciary claims that are disguised benefits claims); *Simmons v. Wilcox*, 911 F.2d 1077, 1081 (5th Cir. 1990)(exhaustion required for breach of fiduciary duty claims where the plaintiffs simply recharacterized their claims for benefits as claims for breach of fiduciary duty).
[95] Rec. Doc. No. 1, pp. 21-22.
[96] Rec. Doc. No. 24-1, p. 15 (citing *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 248-49 (2000)).
59774v.1

Plaintiffs' claims against Defendant as a "party-in-interest" are not "equitable" allegations and must fail.[97] Further, Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have not satisfied the "injury-in-fact" requirement to qualify for Article III standing.[98]

In response, Plaintiffs admit that their claims against Defendant as a "party-in-interest" is "a result of it being a fiduciary."[99] In fact, Plaintiffs argue that Defendant's entire argument should be discounted because it is premised "on the notion that" Defendant is not a fiduciary and is an "assumed party-in-interest".[100] Plaintiffs rely upon 29 U.S.C. § 1002(a)(14)(A) in stating that a fiduciary is "expressly defined" as a "party-in-interest". Therefore, Plaintiffs' allegations in Count II against Defendant as a "party-in-interest" are the same as, and based upon the same legal reasoning as, those against Defendant as a "fiduciary", discussed above.[101]

Based on Plaintiffs' explanation of their claims against Defendant as a "party-in-interest" in Count II, Defendant states, "And since Plaintiffs now contend that BCBSLA is a party[-]in[-]interest only by virtue of being a fiduciary …, the party-in-interest claims as to that conduct should also be dismissed."[102] The Court agrees that Plaintiffs' claims against Defendant as a "party-in-interest" are the same as those against Defendant as a fiduciary. These claims are discussed in section II(C) above, and for those same stated reasons, the Court denies Defendant's motion.

---

[97] Rec. Doc. No. 24-1, pp. 16-19.
[98] Rec. Doc. No. 24-1, p. 19.
[99] Rec. Doc. No. 33, p. 16.
[100] *Id.*
[101] *Id.*
[102] Rec. Doc. No. 40, p. 4.
59774v.1

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[103] by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Defendant" or "BCBSLA"), is **DENIED.**

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 31, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[103] Rec. Doc. No. 24.
59774v.1