UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SADIE BENNETT AND MELISSA MANNINO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION NO. 19-185 |
| V. | JUDGE SHELLY D. DICK |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY (doing business as BLUE CROSS BLUE SHIELD OF LOUISIANA) | MAG. JUDGE RICHARD L. BOURGEOIS, JR. |

**RULING**

This matter is before the Court on the *Motion for Reconsideration or, in the alternative, for Certification to file Interlocutory Appeal*[1] by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Defendant" or "BCBSLA"), which moves the Court under Rule 54(b) to reconsider its prior interlocutory *Ruling*[2] on Defendant's *Motion to Dismiss*.[3] Plaintiffs, Sadie Bennett and Melissa Mannino ("Plaintiffs"), have filed an *Opposition*.[4] Defendant *replied*.[5] Oral argument is not necessary. For the following reasons, the Court finds that Defendant's *Motion for Reconsideration* shall be denied, and Defendant's *Motion for Certification for Interlocutory Appeal* shall be denied.

---

[1] Rec. Doc. No. 56.
[2] Rec. Doc. No. 49.
[3] Rec. Doc. No. 24.
[4] Rec. Doc. No. 59.
[5] Rec. Doc. No. 62.

I.	**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are participants in group health plans ("the Plans")[6] that are insured and administered by BCBSLA. Under most group health plans, when a participant fills a prescription for a medically-necessary prescription drug, the insurer pays a portion of the cost and the participant in the health plan pays a portion of the cost. The cost of the prescription drug is pre-determined by the terms of the governing health plan and is usually at a lower or negotiated cost. The participant's payment is a "co-payment" made directly to the pharmacy, who collects the payment on behalf of the insurer.[7]

In this case, Plaintiffs claim that Defendant violated the terms of the Plans and overcharged participants for medically-necessary prescription drugs. Plaintiffs claim that Defendant directed the pharmacies to "misrepresent" the cost of the prescriptions to the participants and charge the participants an amount in excess of the negotiated amount reflected in the Plans. Participants paid the excessive charges directly to the pharmacy, not knowing at the time that the cost was inflated. Plaintiffs refer to this as a "pervasive scheme" of "overcharges".[8]

Defendant allegedly profited from the "scheme" by "clawing back" a portion or all of the "overcharges" paid by participants to the pharmacies. Defendant required the pharmacies to pay Defendant "clawbacks", which is the amount of the overage or excess cost of the prescription. Alternatively, Defendant paid the pharmacies less than what it would have, had it followed the terms of the Plan.[9]

---

[6] Both parties refer generally to the "Plan" or "Plans" throughout their briefing. The plural and singular are used interchangeably. No explanation is provided. The Court will refer to the subject group health plans as the "Plan" or "Plans" as appropriate.
[7] Rec. Doc. No. 1, pp. 3–4. The Complaint contains duplicate page numbers. The Court will cite to the actual page number rather than the page number designated by the Complaint on file.
[8] *Id.* pp. 4–5.
[9] *Id.* p. 5.

Plaintiffs, on their behalf and on behalf of a class of "similarly situated persons", claim that Defendant's "scheme" violated the Employee Retirement Income Security Act of 1974 ("ERISA").[10] Plaintiffs plead four counts against Defendant: Count I, for violations of ERISA[11] for the overcharges for the cost of prescription drugs in violation of the terms of the Plans;[12] Count II, for violations of ERISA[13] against Defendant in its roles as a "fiduciary" and "party in interest" that allegedly received compensation, or "clawbacks", for services provided under the Plans;[14] Count III, for violations of ERISA[15] against Defendant in its role as a "fiduciary" for allegedly designing, implementing and benefitting from an "overcharge and clawback scheme" involving the mis-appropriation of Plan assets adverse to the Plan participants and for its own benefit;[16] and Count IV, for violations of ERISA[17] against Defendant in its role as a "fiduciary" for breaching its fiduciary duties by allegedly acting in violation of the terms of the Plans.[18]

Defendant moved to dismiss Plaintiffs' *Complaint* pursuant to Rule 12(b)(6) on three grounds: (1) that Plaintiffs failed to exhaust their administrative remedies regarding their claims in Count I;[19] (2) that the allegations in Count II against Defendant as a "fiduciary" and Counts III and IV are duplicative of the claims in Count I and/or because Plaintiffs failed to exhaust their administrative remedies and Defendant is not a "fiduciary" under ERISA;[20] and (3) that Plaintiffs lack standing to bring their claims in Count II against

---

[10] 29 U.S.C. §§ 1001–1461.
[11] 29 U.S.C. § 1132(a)(1)(B).
[12] Rec. Doc. No. 1, pp. 39–40.
[13] 29 U.S.C. § 1132(a)(3).
[14] Rec. Doc. No. 1, pp. 41–43.
[15] 29 U.S.C. § 1132(a)(3).
[16] Rec. Doc. No. 1, pp. 43–46.
[17] 29 U.S.C. § 1132(a)(2)&(3).
[18] Rec. Doc. No. 1, pp. 46–49.
[19] Rec. Doc. No. 24-1, pp. 4–8.
[20] *Id*. pp. 9–15.

Defendant as a "party in interest" and because there is no available remedy under ERISA.[21]

The Court denied Defendant's motion to dismiss.[22] With regard to Counts II, III, and IV, this Court acknowledged the support in the jurisprudence for Defendant's argument; however, the Court adopted a "more expansive approach taken by many courts, which allows plaintiffs, at this stage of litigation, to simultaneously plead claims under several subsections of Section 502(a)."[23] This Court denied Defendant's motion in order to allow Plaintiffs time for discovery, to develop their trial strategy, and to preserve alternative grounds for relief until a later stage in the litigation.[24] This Court found dismissal of Counts II, III, and IV to be premature at this stage of the litigation.[25]

Defendant now moves the Court to reconsider its *Ruling* only as to Counts II, III, and IV.[26] Defendant argues that the Court should have applied *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*[27] and *Swenson v. United of Omaha Life Ins. Co.*,[28] instead of "out-of-jurisdiction case law in support of simultaneous pleading."[29] Alternatively, Defendant requests that the Court certify its *Order* for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[30]

---

[21] *Id.* pp. 15–20.
[22] Rec. Doc. No. 49.
[23] *Id.* p. 16.
[24] *Id.*
[25] *Id.*
[26] Rec. Doc. No. 56-1, pp. 1–2.
[27] 892 F.3d 719, 733–34 (5th Cir. 2018).
[28] 876 F.3d 809, 812 (5th Cir. 2017).
[29] Rec. Doc. No. 56-1, p. 2 (referring to *North Cypress Med. Center v. CIGNA Healthcare*, 782 F.Supp.2d 294 (S.D. Tex. 2011) (which is within the Fifth Circuit) and *Mohr-Lercara v. Oxford Health Ins., Inc.,* 2019 WL 1409479, *9 (S.D.N.Y. 2019) (citing *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015)(quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)).
[30] *Id.*

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration under Rule 54(b)

Although it has been noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*"[31] the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)."[32]  An interlocutory order denying a Rule 12 motion "can be modified or rescinded by the Court, as justice requires, at any time before final decree."

Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*[33]

Accordingly, under Rule 54(b), "a court retains jurisdiction over all the claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole."[34]

"District courts have considerable discretion in deciding whether to reconsider an interlocutory order."[35]  "However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and

---

[31] *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167,173 (5th Cir. 1990).
[32] *Lightfoot v. Hartford Fire Ins. Co.,* 2012 WL 711842, *2 (E .D. La. 2012).
[33] Fed. R. Civ. Pro. 54(b) (emphasis added).
[34] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.,* 259 F. Supp. 2d 471, 475 (M.D. La. 2002).
[35] *Keys v. Dean Morris, LLP,* 2013 WL 2387768, *1 (M.D. La. 2013).

delays."[36]  Therefore, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration."[37]  "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[38]

Because a final judgment has not been issued in this matter, Defendant's *Motion for Reconsideration* is properly considered under Rule 54(b).

### B.    Defendant's Motion for Reconsideration

Defendant's motion alleges that the Court "erred" in its ruling on Defendant's motion to dismiss because the Court relied "on out-of-jurisdiction case law to keep extant Plaintiffs' § 1132(a)(2) and (a)(3) claims, when the Fifth Circuit's decisions require otherwise."[39]  Defendant reiterates its prior argument relying upon *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,[40] concluding that *Innova* "controls in this circuit" and "mandat[es]" the dismissal of Counts II, III, and IV of Plaintiffs' complaint.[41]

Plaintiffs oppose Defendant's motion for reconsideration because Defendant's motion does not meet any of the grounds for reconsideration.[42]  Plaintiffs point out that "nearly two months" passed between this Court's *Order* and Defendant's motion.[43]  During that time, the facts have not changed; no new evidence has come to light; and the law

---

[36] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.,* 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013).
[37] *State of La. v. Sprint Communications Co.,* 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).
[38] *J.M.C. v. Louisiana Bd. of Elementary and Secondary Educ,* 584 F. Supp. 2d 894, 896 (M.D. La. 2008) (quoting *Shields v. Shetler,* 120 F.R.D. 123, 126 (D. Colo. 1988)).
[39] Rec. Doc. No. 56-1, p. 7.
[40] 892 F.3d at 733–34.
[41] Rec. Doc. No. 56-1, pp. 7–10.
[42] Rec. Doc. No. 59, p. 10. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Reconsideration uses the same numbering convention as the Complaint. The Court will cite to the actual page number rather than the page number designated by the Memorandum on file.
[43] *Id.*

has not changed. Plaintiffs argue that Defendant is simply "rehashing" the same arguments made in its motion to dismiss, notwithstanding "the Court's careful analysis of *Innova* in its Order."[44] Additionally, Plaintiffs argue that Defendant's motion should be denied because: (1) Defendant's arguments have already been rejected;[45] (2) Defendant's disagreement with the Court's ruling is not grounds for reconsideration;[46] and (3) Defendant fails to demonstrate a clear error of law or fact or manifest injustice.[47]

The Court agrees with Plaintiffs. Defendant is making the same argument regarding Counts II, III, and IV that it made on its motion to dismiss. Contrary to the Defendant's contention, the Court did not disregard *Innova* or disregard the Fifth Circuit's precedential authority. In its Ruling the Court carefully considered and applied *Innova*.[48] This Court then ruled:

> Plaintiffs allege in their *Complaint* that they are not claiming a denial of benefits or an adverse benefit determination. In this respect, their 502(a)(1)(B) claims *can be distinguished from those of Innova Hospital*. However, the broader point of *Innova Hosp.* is that claims for relief under 502(a)(1) cannot simultaneously be plead with claims under 502(a)(2)&(3). Since 502(a)(1) provides an "adequate means of redress" for a plaintiff, claims under 502(a)(2)&(3) are barred. Section 502(a)(2)&(3) is intended to be a 'catch-all' and only for those plaintiffs seeking redress for claims that

---

[44] *Id.*
[45] *Id.* (citing *Simon v. U.S.*, 891 F.2d 1154 (5th Cir. 1990) ("These motions cannot be used to raise arguments which … have been made before …."); *Blythe v. Offshore Serv. Vessels, L.L.C.*, 423 F. Supp. 3d 299, 304 (E.D. La. 2019) ("It is well settled that motions for reconsideration should not be used … to re-urge matters that have already been advanced by a party."); *Firefighters' Ret. Sys. v. Citco Group Limited*, 2017 WL 3396418, *2 (M.D. La. 2017); *Weimar v. Liberty Mut. Ins. Co.*, 2019 WL 5188356, *2 (M.D. La. 2019); *Whitaker v. FedEx Freight, Inc.*, 2013 WL 4511268, *1 (M.D. La. 2013) ("Because BCBS also uses its Motion for Reconsideration to rehash previous arguments, the Court denies the motion on those grounds and relies on its prior ruling.")).
[46] *Id.*, p. 11 (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. Sept. 1, 1983); *Foster v. Principal Life Ins. Co.*, 303 F.Supp.3d 471, 480 (E.D. La. Mar. 19, 2018) ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.")).
[47] *Id.* (citing *Cormier v. Turnkey Cleaning Servs., L.L.C.*, 295 F.Supp.3d 717, 720 (W.D. La. Nov. 8, 2017) ("When a party contends there has been a clear error of law or manifest injustice, courts caution that any litigant considering bringing a motion on that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.")).
[48] Rec. Doc. No. 49, pp. 9–17.

are *not otherwise viable* under Section 502(a)(1). The *focus is on the substance of the relief sought*, not 'on the label used.'

Section 502(a)(2) provides a remedy for breaches of fiduciary duty that generally pertain to the misuse or improper management of plan assets, while 502(a)(3) provides a remedy for all other violations of ERISA or the terms of the plan, including breaches of fiduciary duty, not encompassed by 502(a)(2). In *Varity Corp. v. Howe*, the Supreme Court recognized that 502(a)(3) is a 'catchall provision' that, 'act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that 502 does not elsewhere adequately remedy.' The Fifth Circuit has interpreted *Varity Corp.* as barring ERISA plaintiffs from bringing claims for equitable relief for breach of fiduciary duty under 502(a)(3) or 502(a)(2) *when they can avail themselves of potential remedies* under 502(a)(1)(B). The 'practical result has been that plaintiffs asserting Section 502(a)(1)(B) claims in conjunction with Section 502(a)(3) claims have often had the latter claims, the fiduciary duty claims, dismissed as a matter of law.' Thus, 'it is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B).'

\*\*\*

Although there is general support in the jurisprudence for Defendant's argument, this Court is mindful that courts disagree whether simultaneous pleading of both Section 502(a)(1)(B) and Section 502(a)(3) is permissible. For example, the Southern District Court of New York considered a motion to dismiss pursuant to Rule 12(b)(6) in a case strikingly similar to the one before this Court, involving claims under ERISA arising out of an "overcharging scheme" for prescriptive mediations. There, the New York District Court, considering the same arguments advanced here, stated:

> Section 502(a)(3) is a "'catchall' provision" that serves "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Accordingly, if "it is not clear" at the pleading stage whether "monetary benefits under § 502(a)(1)(B) alone will provide [the plaintiff] a sufficient remedy," a district court should not dismiss a Section 502(a)(3) claim as duplicative on a motion to dismiss.

> Here, the amended complaint seeks both damages and equitable remedies, and the Court cannot readily discern on this undeveloped record whether the former will afford plaintiff adequate relief.

\*\*\*

       This Court agrees with the more expansive approach taken by many courts, which allows plaintiffs, at this stage of litigation, to simultaneously plead claims under several subsections of Section 502(a). This rule allows Plaintiffs time for discovery, to develop their trial strategy, and to preserve alternative grounds for relief until a later stage in the litigation. Indeed, *in the event that Plaintiffs' 502(a)(1)(B) claims prove not to be viable, they should be permitted to rely on their 502(a)(2)&(3) claims as a "safety net, offering appropriate equitable relief for injuries caused by violations that Section 502 does not elsewhere adequately remedy."* The Court believes it would be premature to dismiss Plaintiffs' 502(a)(2)&(3) claims at this early stage of the litigation, *based on Plaintiffs' original Complaint*, without the benefit of some discovery, and based on this Court's finding that Plaintiffs have sufficiently plead a claim under Section 502(a)(1)(B).[64]

Not only did this Court examine and apply *Innova*, but it also explained how Plaintiffs' claims in this matter under 502(a)(1)(B) are different than those plead by Innova Hosp. and how they are not necessarily duplicative of Plaintiffs' claims under 502(a)(2)&(3). Therefore, it would be premature and unjust for this Court to assume that Plaintiffs' claims under 502(a)(1)(B) are duplicative of their claims under 502(a)(2)&(3) and dismiss them, without, at a minimum, affording some additional time for discovery to better explore this issue.

Based on the foregoing, the Court finds that there are no good grounds to reconsider its interlocutory *Order* and denies Defendant's *Motion for Reconsideration* under Rule 54(b).

       **C.**    **Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b)**

Certification of an interlocutory appeal under Section 1292(b) is appropriate only when: (1) the order from which the appeal is taken involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" concerning the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the

---

[64] (internal citations omitted).

litigation."[65] A district court cannot certify an order for interlocutory appeal unless all three criteria are present.[66] Permitting interlocutory appeals is within the district court's sound discretion.[67] When a district court certifies an appeal under section 1292(b), the court of appeals must still determine that the certification requirements of 1292(b) have been met.[68] Additionally, the Fifth Circuit cautions that interlocutory appeals are "exceptional," and "assuredly do[] not lie simply to determine the correctness" of an order.[69]

Indeed, courts in this district have held that, "[a] substantial ground for difference of opinion 'usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order.'"[70] Furthermore, "'[a]n interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment.'"[71]

### 1. Controlling Question of Law

"Although the resolution of an issue need not necessarily terminate an action in order to be controlling.... [w]hether an issue of law is controlling usually 'hinges upon its potential to have some impact on the course of the litigation.'"[72] "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings."[73]

---

[65] 28 U.S.C. § 1292(b).
[66] *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981) ("Section 1292(b) sets out three criteria all of which must be met before the district court may properly certify an interlocutory order for appeal").
[67] *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47(1995).
[68] *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc).
[69] *Clark-Dietz & Associates-Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 67–69 (5th Cir. 1983).
[70] *United States v. Louisiana Generating, LLC*, 2012 WL 4588437, *2 (M.D. La. 2012)(quoting *Property One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp.2d 170, 182–83 (M.D. La. 2011)).
[71] *Id.* (quoting *Clark-Dietz*, 702 F.2d at 69).
[72] *Id.* at *1 (quoting *Tesco v. Weatherford Int'l, Inc.,* 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010)).
[73] *Id.* (quoting *Tesco*, 722 F.Supp.2d at 766).

In arguing that a controlling question of law is present, Defendant argues that the "question at issue" is "whether Plaintiffs can proceed beyond the pleadings stage with claims under § 1132(a)(2) or (a)(3) that arise from an injury actionable under § 1132(a)(1)(B)."[74] However, that is not the issue at hand. As stated above, it is unclear whether Plaintiffs' claims under the competing sections of ERISA are the same or not. [75] Once discovery allows all parties and the Court to better determine whether duplicative claims are, in fact, at issue, then the dismissal of Counts II, III, and IV under *Innova* may be revisited.

The Court finds that Defendant has not met the first criteria for an interlocutory appeal.

### 2. Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.[76]

Here, Defendant argues that if the Court disagrees with Defendant that *Innova* is binding, then there is a dispute amongst the circuits.[77] However, the Court *did* recognize and apply *Innova* to the present case. The Court also explained how the pleading of Innova Hospital's claims differed from Plaintiffs' pleading here and referred, by example,

---

[74] Rec. Doc. No. 56-1, p. 11.
[75] *See* Rec. Doc. No. 59, p. 16 ("determining whether Plaintiffs' § 502(a)(1)(B) claims are alternative or duplicative necessarily requires an application of law to fact" which is not proper for appeal) (citing *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008) (citing *La. Patients' Comp. Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005));*see also Clark-Dietz*, 702 F.2d at 69.
[76] *Mitchell v. Hood*, 2014 WL 1764779, at *5 (E.D. La. 2014) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).
[77] Rec. Doc. No. 56-1, p. 12.

to other cases, more similar to the one before the Court than *Innova*, that allowed for some discovery. This Court did not ignore or sway from *Innova* or the Fifth Circuit.[78] Although Defendant undoubtedly disagrees with the Court's resolution of this issue, "[d]isagreement with the Court's ruling is insufficient to establish a substantial ground for a difference of opinion."[79]

"[T]he mere fact that 'settled law might be applied differently' is insufficient to show that there is a substantial ground for difference of opinion."[80] "The threshold for establishing the 'substantial ground for difference of opinion' … required for certification pursuant to § 1292(b) is a high one,"[81] and the Court finds that Defendant has not met this threshold for the reasons stated above.

### 3. Materially Advance this Litigation

Defendant contends that the answer to the legal question presented "determines whether just one, or instead four, claims proceed at all past the pleadings stage."[82] Therefore, Defendant argues that "resolution of the question would … 'materially advance' the litigation at issue, because it could substantially alter the scope of discovery and decrease the number of future pre-trial rulings this Court must make."[83] The Court agrees that its desired ruling would limit the scope of discovery; however, it would be more efficient to conduct discovery[84] to be certain whether the claims at issue are duplicative or not, rather than to prematurely dismiss three of Plaintiffs' claims only to

---

[78] *See* Rec. Doc. No. 59, p. 17.
[79] *June Medical Services LLC v. Gee*, 2018 WL 1041301, at *2 (M.D. La. 2018) (*citing Ryan v. Flowserue Corp.,* 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006)).
[80] *Southern U.S. Trade Ass'n v. Unidentified Parties*, 2011 WL 2790182, *3 (E.D. La. 2011).
[81] *Id.* at *2.
[82] Rec. Doc. No. 56-1, p. 13.
[83] *Id.*
[84] The Court acknowledges Defendant's complaint about the overly-expansive discovery plan proposed by Plaintiffs; however, the scope of discovery and the schedule for same is not presently before this Court.

realize later that the decision was made in haste.  An appeal will not "materially advance" this litigation; rather, it will delay resolution of the very question which Defendant poses.[85]

For these reasons, Defendant does not meet the third criteria for an interlocutory appeal, and Defendant's *Motion for Certification for Interlocutory Appeal* is denied.

### III.   CONCLUSION

For the reasons set forth above, the *Motion for Reconsideration*[86] by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Defendant" or "BCBSLA"), is **DENIED.**

Defendant's *Motion for Certification to file Interlocutory Appeal* is **DENIED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 27, 2020.

                                                                   *Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[85] While the Court appreciates Defendant's expressed concern for "the Court's workload," the Court believes that a just result is of greater import.  *See* Rec. Doc. No. 56-1, p. 14.
[86] Rec. Doc. No. 56.