UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SADIE BENNETT and MELISSA MANNINO, Individually and on Behalf of All Others Similarly Situated,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-185-SDD-RLB** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY (doing business as BLUE CROSS AND BLUE SHIELD OF LOUISIANA)** | |

**ORDER**

This matter is before the Court on the parties' briefing with respect to the scope of discovery. Plaintiffs have submitted briefs arguing that full discovery should be allowed under Rule 26 of the Federal Rules of Civil Procedure. (R. Docs. 54, 58, 70). In contrast, Defendant has submitted briefs arguing that discovery should be limited to the administrative record. (R. Docs. 55, 57, 71). Having considered the arguments of the parties, as well as the district judge's rulings and the applicable jurisprudence, the Court concludes that discovery in this action is not limited to the administrative record, and the parties shall proceed with discovery under Rule 26.

**I.   Background**

Sadie Bennett and Melissa Mannino (collectively, "Plaintiffs") bring this class action on behalf of themselves and similarly situated persons alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (R. Doc. 1). Plaintiffs are participants in group health plans ("the Plans") that are insured and administered by Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Defendant"). (R. Doc. 1 at 3). Plaintiffs claim that Defendant "routinely and purposely

violated" the terms of the Plans by overcharging participants for medically-necessary prescription drugs by directing pharmacies to "misrepresent" the cost of the prescriptions to the participants and charge the participants an amount in excess of the negotiated amount reflected in the Plans. (R. Doc. 1 at 4-5). Plaintiffs allege that Defendant profited from this "scheme" by "clawing back" a portion or all of the "overcharges" paid by participants to the pharmacies. (R. Doc. 1 at 5).

Plaintiffs plead four counts against Defendant. In Count I, Plaintiffs seek recovery under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for the amounts of alleged overcharges, as well as other declaratory and injunctive relief, for violations of the terms of the Plans. (R. Doc. 1 at 39-40). In Counts II, III, and IV, Plaintiffs seek recovery under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for equitable relief for alleged violations of Defendant's fiduciary duties in its role as a fiduciary for receiving "clawbacks" for services provided under the Plans, for designing and implementing the alleged "overcharge and clawback scheme" to misappropriate assets of the Plans, and for breaching its fiduciary duties by acting in violation of the terms of the Plans. (R. Doc. 1 at 41-49). In Count IV, Plaintiffs allege that their suit for breach of fiduciary duties under ERISA § 409, 29 U.S.C. § 1109, is authorized under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). (R. Doc. 1 at 48).

Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6). (R. Doc. 24). Defendant argued that Count I should be dismissed for failure to exhaust administrative remedies. Defendant further argued that Counts II, III, and IV should be dismissed as improperly duplicative of Count I, for failure to exhaust administrative remedies, lack of standing and available equitable relief, and because Defendant is not a "fiduciary" under ERISA.

While Defendant's motion to dismiss was pending, the undersigned held a conference with the parties and ordered them to file briefs setting forth their respective positions regarding the scope of discovery after the district judge's ruling on the motion to dismiss. (R. Doc. 46).

The district judge denied Defendant's motion to dismiss. (R. Doc. 49). With respect to Count I, the district judge stated that "in the course of discovery, the parties will discover whether following administrative procedures with the plan administrator would be futile and/or whether administrative procedures were properly followed." (R. Doc. 49 at 6). The district judge specifically stated that "[d]iscovery will assist in resolving the dispute that has already come to light, whether Plaintiffs properly exhausted the available administrative remedies, and better posture this issue for consideration on summary judgment." (R. Doc. 49 at 9).

With regard to Counts II, III, and IV, the district judge adopted a "more expansive approach taken by many courts, which allows plaintiffs, at this stage of litigation, to simultaneously plead claims under several subsections of Section 502(a)." (R. Doc. 49 at 16). Finding the dismissal of these counts to be premature at this state of the litigation, the district judge denied Defendant's motion in order to allow Plaintiffs time for discovery, to develop their trial strategy, and to preserve alternative grounds for relief until a later stage in the litigation. (R. Doc. 49 at 16). The district judge found that "in the event that Plaintiffs' 502(a)(1)(B) claims prove not to be viable, they should be permitted to rely on their 502(a)(2) and (a)(3) claims as a 'safety net, offering appropriate equitable relief for injuries caused by violations that Section 502 does not elsewhere adequately remedy.'" (R. Doc. 49 at 16) (quoting *North Cypress Med. Center Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. Mar. 2, 2011)).

The parties then filed briefs regarding the scope of discovery. (R. Docs. 54, 55, 57, 58). Defendant also moved the district judge for reconsideration of the foregoing Ruling denying

3

dismissal of Counts II, III, and IV, or, in the alternative, certification of the Ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (R. Doc. 56). Among other things, Defendant argued that the district judge should have dismissed Counts II, III, and IV as duplicative of Count I in light of *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 892 F.3d 719, 733-34 (5th Cir. 2018), which affirmed the dismissal of a § 502(a)(3) claim under Rule 12(b)(6) because the plaintiff had an adequate mechanism for redress under § 502(a)(1)(B).

The district judge denied Defendant's motion for reconsideration. (R. Doc. 63). In so ruling, the district judge explained that the Ruling denying Defendant's motion to dismiss examined and applied *Innova Hospital.* (R. Doc. 63 at 6-9; *see* R. Doc. 49 at 9-17). The district judge nevertheless concluded that Plaintiffs' claims under § 502(a)(1)(B) are "not necessarily duplicative" of Plaintiffs' claims under § 502(a)(2) and (a)(3), and that "it would be premature and unjust" for the Court to dismiss those claims "without, at a minimum, affording some additional time for discovery to better explore the issue." (R. Doc. 63 at 9). The district judge further stated that "[o]nce discovery allows all parties and the Court to better determine whether duplicative claims are, in fact, at issue, then the dismissal of Counts II, III, and IV under *Innova* may be revisited." (R. Doc. 63 at 11).

The undersigned then provided the parties an opportunity to submit supplemental briefing with respect to the district judge's denial of Defendant's motion for reconsideration. (R. Doc. 69). The parties filed supplemental briefs. (R. Docs. 70, 71).

**II.     Arguments of the Parties**

In their initial brief, Plaintiffs first argue that discovery cannot be limited to the "administrative record" because it does not exist given Defendant's failure to timely consider

4

Plaintiffs' appeal. (R. Doc. 54 at 2). Plaintiffs argue that given that their § 502(a)(3) claims have survived dismissal at the pleadings stage, discovery concerning their fiduciary duty claims (Claims II, III, and IV) are not limited to the administrative record and should be generally governed by Rule 26(b)(1). (R. Doc. 54 at 3-5). Plaintiffs also argue that discovery with respect to their overcharge claims (Count I) should not be limited to the administrative record because the claims concern unlawful overcharges, not a denial of benefits for which the Plans' administrative remedies would apply.

In its initial brief, Defendant argues that discovery should be limited to the administrative record on Plaintiffs' § 502(a)(1)(B) claim, including whether Plaintiffs exhausted administrative remedies, and the specific exceptions specifically identified in *Crosby v. La. Health Service & Indemnity Co.*, 647 F.3d 258 (5th Cir. 2011). (R. Doc. 55 at 3-8). Defendant also argues that Plaintiffs' § 502(a)(2) and (a)(3) claims do not provide for broad discovery beyond the administrative record and the specific *Crosby* exceptions because they are actually duplicative of Plaintiffs' § 502(a)(1)(B) claims. (R. Doc. 55 at 14-17). Defendant also asserts that full discovery should not be allowed even if a *de novo* standard of review is applied. (R. Doc. 55 at 8-14).

Plaintiffs argue in their response memorandum that Defendant ignores jurisprudence allowing discovery outside the administrative record on § 502(a)(3) claims and otherwise concedes that Plaintiffs should be allowed discovery outside of the administrative record on their § 502(a)(1)(B) claims. (R. Doc. 58 at 2-5). Plaintiffs further argue that *de novo* review applies to their § 502(a)(1)(B) claims and that discovery cannot be limited to an administrative record because none exists. (R. Doc. 58 at 6-7). Plaintiffs reiterate that, notwithstanding Defendant's arguments that the claims are duplicative, the district judge has allowed them to proceed on both their § 502(a)(1)(B) and § 502(a)(2) and (a)(3) claims. (R. Doc. 58 at 8-9). Finally, Plaintiffs

5

argue that because this is a putative class action, discovery should not be limited to the administrative record, if any, of the named plaintiffs. (R. Doc. 58 at 8).

Defendant argues in its response memorandum that discovery should be limited to the administrative record, which does in fact exist, and the three limited exceptions enumerated in the *Crosby* decision. (R. Doc. 57 at 2-7). Defendant further asserts that there is no basis for broader discovery on Plaintiffs' "duplicative" § 502(a)(2) and (a)(3) claims because those fiduciary duty claims are based on the same facts and alleged injury as the § 502(a)(1)(B) claims. (R. Doc. 57 at 7-10). Finally, Defendant argues that Plaintiffs have waived or abandoned their argument that *de novo* review calls for broader discovery. (R. Doc. 57 at 10).

In their supplemental memorandum, Plaintiffs argue that the district judge's denial of Defendant's motion for reconsideration confirms that Plaintiffs should be allowed discovery on their § 502(a)(2) and (a)(3) claims. (R. Doc. 70). In contrast, Defendant argues in their supplemental memorandum that the district judge's ruling provides that discovery on the § 502(a)(2) and (a)(3) should be limited to ascertaining whether the relief sought under the fiduciary duty claims are duplicative of the relief sought under the § 502(a)(1)(B) claims. (R. Doc. 71).

### III.   Law and Analysis

ERISA provides federal courts with jurisdiction to review benefits determinations made by fiduciaries or plan administrators. *See* 29 U.S.C. § 1132(a)(1)(B). When considering a claim for benefits, the fiduciary or plan administrator has "the obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether the record is complete." *Estate of Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 521 (5th Cir. 2000). A plaintiff can request that additional evidence be added

to the administrative record prior to the fiduciary or plan administrator's consideration of that record. *Id*. "Thus, the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Id.*

The Fifth Circuit has held that, in an ERISA action under § 502(a)(1)(B), evidence is inadmissible in an ERISA action "to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." *Crosby*, 647 F.3d at 263 (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), *as recognized by LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835 (5th Cir. 2013)). Accordingly, a claimant in an ERISA action under § 502(a)(1)(B) is "not entitled to a second chance to produce evidence demonstrating that coverage should be afforded." *Id*.

However, the Fifth Circuit also held that evidence is admissible "to resolve other questions that may be raised in an ERISA action" under § 502(a)(1)(B) including (1) whether the administrative record submitted is complete, (2) whether the plan administrator complied with ERISA's procedural regulations, and (3) whether and to what extent there may be a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *Id*. The court found that the submitted discovery requests sought evidence that would help resolve the three issues identified above. The court also cautioned courts to "monitor discovery closely" and "guard against abusive discovery" in ERISA actions under § 502(a)(1)(B). *Id*. at 264.

7

In addition to their claims brought under § 502(a)(1)(B), Plaintiffs have brought claims under § 502(a)(2) and (a)(3), which have survived scrutiny by the district judge in ruling on Defendant's motion to dismiss and motion for reconsideration. Section 502(a)(2) provides a remedy for breaches of fiduciary duty that generally pertain to the misuse or improper management of plan assets, while § 502(a)(3) provides a remedy for all other violations of ERISA or the terms of the plan, including breaches of fiduciary duty, not encompassed by § 502(a)(2). *Smith v. Hartford Life and Acc. Ins. Co.*, No. 11-35, 2011 WL 5864544, *2 (S.D. Miss. Nov. 22, 2011). As discussed above, the district judge distinguished the Fifth Circuit's decision in *Innova Hospital*, 892 F.3d 719, in concluding that Plaintiffs could simultaneously proceed on their overcharge claims under § 502(a)(1)(B) and their fiduciary duty claims under § 502(a)(2) and (a)(3). (*See* R. Doc. 63 at 6-9; *see* R. Doc. 49 at 9-17).

Defendant's arguments in support of limiting discovery to the administrative record are primarily reiterations of their arguments (rejected by the district judge) that Plaintiffs' § 502(a)(2) and (a)(3) claims are duplicative of Plaintiffs' § 502(a)(1)(B) claims. The Court rejects those arguments, as they are inconsistent with the district judge's rulings.[1] Indeed, the district judge's rulings specifically provide that the parties may engage in discovery outside of the administrative record to determine whether, in fact, Plaintiffs' § 502(a)(2) and (a)(3) claims are duplicative of Plaintiffs' § 502(a)(1)(B) claims.

The district judge's decision to allow the parties to engage in discovery is consistent with the prevailing jurisprudence. Other courts have held that discovery regarding fiduciary duty

---

[1] Among other things, Defendant argues that allowing discovery in § 502(a)(2) and (a)(3) claims would open the floodgates to unlimited discovery in ERISA actions because future plaintiffs would circumvent the limited discovery allowed in the typical ERISA action "simply by adding such claims to a lawsuit containing ERISA § 502(a)(1)(B) claims." (R. Doc. 55 at 16). On the contrary, the addition of any frivolous § 502(a)(2) and (a)(3) claims added for such purposes would not withstand a motion to dismiss under Rule 12(b)(6). Here, the district judge has specifically addressed and denied both of Defendant's motions seeking dismissal of Plaintiffs' § 502(a)(2) and (a)(3) claims. (R. Docs. 49, 63).

8

claims under § 502(a)(3) should not be limited to the administrate record and should, instead, be governed by the general scope of discovery provided by Rule 26(b)(1). *See*, *e.g.*, *Lauga v. Applied Cleveland Holdings, Inc*., No. 16-14022, 2017 WL 3867543, at *2 (E.D. La. Mar. 30, 2017) (holding discovery should be allowed in § 502(a)(3) action); *Malbrough v. Kanawha Ins. Co*., 943 F. Supp. 2d 684, 700 (W.D. La. 2013) ("Because this court has found that this case involves claims for relief under ERISA § 1132(a)(3), and that § 1132(a)(3) does not have the same stringent discovery limits as ERISA § 1132(a)(1)(B) cases, the court orders that the parties proceed with discovery."); *Coffey v. Hartford Life & Accident Ins. Co*., 318 F.R.D. 320, 323 (W.D. Va. 2017) ("[A] breach of fiduciary duty claim that . . . concerns materials and events outside of the administrative review process should not be subject to the same discovery constraints as a typical denial of benefits claim.") (citing *Marlbrough*, 943 F. Supp. 2d 692-93)); *Milby v. Liberty Life Assurance Co. of Boston*, No. 13-487, 2016 WL 4599919, at *5 (W.D. Ky. Sept. 2, 2016) ("[T]his Court finds that discovery is permissible in this case due to the existence of a breach of fiduciary duty claim pursuant to § 1132(a)(3)."); *Moran v. Life Ins. Co. of N.A. Misericordia U.,* No. 13-765, 2014 WL 4251604, at *9 (M.D. Pa. Aug. 27, 2014) (holding that discovery on breach of fiduciary duty claim was warranted and listing numerous cases in support).

      Given the foregoing, discovery with respect to Plaintiffs' § 502(a)(3) claims are limited only by the confines of Rule 26 of the Federal Rules of Civil Procedure. The Court finds no basis for further limiting the scope of discovery with respect to Plaintiffs' fiduciary duty claims. While § 502(a)(1)(B) claims brought in isolation would be limited to the "administrative record" and the exceptions identified in *Crosby*, 647 F.3d 258, there is no practical manner for bifurcating discovery, in this action, with respect to Plaintiffs' § 502(a)(1)(B) claims and Plaintiffs' §

502(a)(2) and (a)(3) claims, including discovery on the issue of whether those claims are duplicative. Given that the Court will allow discovery to proceed under Rule 26, it need not define the scope of the administrative record, if any, or the applicable standard of review.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the parties are to proceed with discovery under Rule 26 of the Federal Rules of Civil Procedure. The parties shall complete all discovery, including the filing of any applicable motions, on or before **July 30, 2021**. At the close of discovery, the parties shall contact the undersigned for the issuance of additional deadlines in this action including the filing of dispositive motions.

Signed in Baton Rouge, Louisiana, on March 29, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**